IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 7:05-1071 |
| vs. | ) | |
| | ) | **O R D E R** |
| EDDIE MOORE | ) | |
| | ) | |

This matter is before the court on defendant Eddie Moore's motions for return of personal property filed November 13, 2006. On October 11, 2005, a federal grand jury returned an indictment charging Eddie Moore and Daveta Smith with Count 1, possessing and concealing counterfeit money, in violation of 18 U.S.C. § 472; and Count 2, knowingly passing and publishing counterfeit money, in violation of 18 U.S.C. § 472 (Cr. No. 7:05-1070). In a separate Indictment, returned on the same date, Moore was charged with one count of being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Cr. No. 7:05-1071). Moore entered a plea of guilty to Count 1 of both indictments on February 3, 2006. On May 25, 2006, Moore was sentenced to 33 months of imprisonment in both cases, to run concurrently with each other, to be followed by three years of supervised release in Cr. No. 7:05-1071.

On November 13, 2006, Moore filed the instant motion pursuant to Federal Rule of Criminal Procedure 41(g).[1] He seeks the return of $4,000.00 seized when he was arrested. The facts surrounding Moore's arrest are as follows: Moore's co-defendant in the counterfeiting case, Daveta Smith, passed a counterfeit $100 bill at a Motel 6 in

---

[1] Rule 41(g) was formerly Rule 41(e), as cited by Moore in his caption. *See Clymore v. United States,* 415 F.3d 113, 114 n.1 (10th Cir. 2005).

Spartanburg. When Smith was interviewed at the Motel 6, she stated that Moore and another male had come to her house with a red bag. After the men began fighting, they left Smith's house, but did not take the bag with them. Smith said she removed what she knew to be counterfeit money from the bag and took a cab to the Motel 6. Smith consented to a search of her house. When law enforcement arrived, Moore was standing on the porch and ran inside the house. As Moore fled the house, police pursued and detained him. Moore admitted to possessing counterfeit money and three firearms which were found inside his house. On October 11, 2005, Moore was charged in separate indictments with possessing and passing counterfeit United States currency and being a felon in possession of a firearm. He failed to appear for his initial appearance before the court, and a bench warrant was issued for his arrest. On December 7, 2005, a South Carolina Probation and Parole agent contacted federal agents to report that Moore had been detained pursuant to the bench warrant and that Moore was in possession of approximately $4,000.00 and several baggies containing a white powdery substance thought to be cocaine. The probation and parole agent also contacted the Spartanburg County Sheriff's Office regarding the money and suspected cocaine. A sheriff's office investigator seized the currency and the baggies. Federal agents arrested Moore on the outstanding federal bench warrant. State criminal charges were later filed against Moore for possession of cocaine. The seized currency was placed into the Spartanburg County Sheriff's Office drug fund.

Federal Rule of Criminal Procedure 41(g) states, in pertinent part: "A person aggrieved . . . by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion." Unless a petitioner shows that property claimed pursuant to Rule 41(g) is in the actual or constructive possession of the United States, there is no federal jurisdiction over the motion, and the court should dismiss

it. *See United States v. Downs*, No. 01-3108, 2001 WL 1420656, *2 (10th Cir. 2001). When the movant has alleged sufficient facts to demonstrate that the United States possessed specifically identified property, the United States must offer affidavits or other admissible evidence that it does not have possession of the property. *United States v. Scates*, No. 3:98CR87, 2002 WL 32362034, *2 (E.D. Va. 2002).

Moore alleges that $4,000.00 was seized from him by Secret Service Special Agent John Donahue and a federal probation officer when he was arrested on December 7, 2005. Agent Donahue, in an affidavit submitted by the government, states that the currency Moore seeks to have returned to him was never in his possession or the possession of any other Secret Service employee (def. resp. m. to return property, ex. A). He further states that the currency was seized by Investigator Matt Hutchins and placed in the Spartanburg County Drug Fund. As noted above, the drug charge was prosecuted in state court. Since the United States does not have, and has never had, actual or constructive possession of the currency, this court lacks jurisdiction over the motion.

Now, therefore, based upon the foregoing,

IT IS ORDERED that the defendant's motion for return of personal property is dismissed.

IT IS SO ORDERED.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

June 12, 2007

Greenville, South Carolina